**CAILEY, Plaintiff-Appellant, v HUTZEL, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6903. Decided January 26, 1948.

Bernard J. Gilday and Fred L. Hoffman, Cincinnati, for plaintiff-appellant.

Kenneth P. Mooter, Cincinnati, for defendant-appellee.

**OPINION**

By ROSS, J.:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, entered upon a verdict instructed for the defendant at the close of plaintiff's evidence.

The action was instituted to recover damages resulting from a collision of automobiles operated by the parties.

The evidence introduced in the trial court is here presented in a narrative Bill of Exceptions. From this, it appears that the plaintiff and defendant were operating automobiles southwardly on a highway known as Montgomery Road, and at the time of the collision were within the limits of the Village of Silverton. This highway is sufficiently wide to accomodate six lanes of traffic, three north and three south. The lanes are unmarked. The defendant driving southwardly on the highway arrived at a stop sign located at the intersection of Ohio Avenue. The light was red against North and South bound traffic. His automobile was located just west or to the right of the center line of the highway. The plaintiff, also proceeding southwardly on the highway, occupied the lane immediately west or to the right of that occupied by the defendant's vehicle. The light changed to green for North and South bound traffic as the plaintiff neared the intersection and he drove his automobile in a course parallel to that of the defendant, the two vehicles then proceeding across the intersection in parallel lines, the plaintiff's automobile to the right of that driven by the defendant. The plaintiff proceeding at a more rapid speed moved ahead of the defendant's automobile. When a short distance past the intersection the defendant, intending to drive into a service station on the west or right side of Montgomery Road, turned his automobile to the west or right and clipped the left rear fender of the plaintiff's automobile, as it was passing his automobile, causing the plaintiff's vehicle to swerve and ultimately crash into a pole, entailing the damages of which complaint is made.

It is evident that the front part of the plaintiff's automobile had proceeded to a point beyond that opposite the defendant seated in the driver's seat of his vehicle, so that had the defendant exercised the slightest degree of care, he must have observed that in turning his automobile to the right it would be bound to collide with that of the plaintiff passing it to the west or right. That which must have been so obvious occurred, and the defendant's automobile collided with the left rear portion of plaintiff's automobile.

The defendant justifies the action of the trial court in instructing a verdict for the defendant upon the ground that the plaintiff was violating the provisions of §6307-28 GC. This section reads as follows:

"(a) The operator of a vehicle or trackless trolley may overtake and pass upon the right of another vehicle or trackless trolley which is making or about to make a left turn.

"(b) The operator of a vehicle or trackless trolley may overtake and, allowing sufficient clearance, pass another vehicle or trackless trolley proceeding in the same direction either upon the left or upon the right on a roadway with unobstructed pavement of sufficient width whenever such roadway has been divided into four or more clearly marked lanes for moving traffic, or whenever within municipalities traffic is moving in two or more substantially continuous lines in the same direction, provided such movement can be made in safety. No person shall drive off the pavement or upon the shoulder of the roadway in overtaking or passing on the right."

The question of whether the action of the plaintiff (if it be considered a violation of this section of the statute) was the proximate cause of the damages to his automobile would be one for the jury.

Aside from this consideration, however, it would seem that the latter provisions of the section, (even if they be considered to state more than a rule of conduct) were designed to cover the instant problem.

The vehicles involved were being operated in a municipality. The two vehicles constituted elements of "traffic" on the highway. They were proceeding in two continuous lines, in the same direction, and had the defendant remained in the line or lane in which he was obviously proceeding, no injury would have occurred to anyone, and the plaintiff's passage of the defendant's automobile could have been made in perfect safety.

The situation here developed is one familiar to almost every operator of an automobile. Vehicles, within the limits provided by law, proceed at fairly rapid speeds. In the wide highways now found throughout the state, especially in the more traveled portions within municipalities, automobiles are bound to proceed on their courses at varying speeds, resulting in the passing of those proceeding more slowly, moving in parallel lines. Whether the lanes are marked or unmarked, these courses follow more or less well defined limits fixed by

the width of the various vehicles. The driver of the vehicle approaching from the rear, following a straight course, parallel to the slower moving vehicle certainly has a right to presume, in the absence of some warning, that the respective courses so indicated will not be changed.

The plaintiff in this case did nothing, which as a matter of law, could be found by the court to consist of a violation of a statutory mandate defining such action as negligence per se and the proximate or contributing cause of the damages resulting to his automobile. Whether the conduct of the defendant was the proximate cause of such damages, and whether the conduct of the plaintiff contributed to the resulting injury to his vehicles are factual questions requiring the decision of a jury.

The judgment of the Court of Common Pleas is reversed and the case is remanded for a new trial according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.